# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., PRIME MORTGATE TRUST, CERTIFICATES, SERIES, 2006-1<br><br>*Plaintiff,*<br><br>v.<br><br>TRACI LEWIS A/K/A TRACI G. SMITH, JFFFERY SMITHH, RANDOLPH BROOKS FEDERAL CREDIT UNION, PLAINSCAPITAL BANK, AND FIA CARD SERVICES,<br><br>*Defendants*. | § § § § § § § § § § § § § § § § § | Civil Action No. SA-16-CV-344-XR |

## ORDER

On this date, the Court considered the status of the above captioned case. After careful consideration, Plaintiff's Motion for Attorney Fees and Costs (docket no. 86) is GRANTED IN PART.

## BACKGROUND

Plaintiff filed its Original Complaint on April 6, 2016, seeking a declaratory judgment to foreclose on real property. Docket no. 1. Plaintiff alleged it is entitled to judicial foreclosure because Defendants Traci Lewis and Jeffery Smith failed and refused to pay amounts that came due under a Texas Home Equity Note with respect to real property and improvements known as 6 Turin Ct., San Antonio, Texas, 78216 ("the Property"). *Id*. Under the terms of the Note and

Security Instrument executed by the parties, failure to remit monthly payments to the Lender qualified as a default event which resulted in the acceleration of the secured indebtedness.

On July 17, 2018, the Court granted Plaintiff's Motion for Summary Judgment for Foreclosure as to Defendant Traci Lewis. On November 27, 2018, the Court granted Plaintiff's Motion for Default Judgment for Foreclosure as to Defendant Jeffery Smith. In the same order, the Court dismissed Defendants Plainscapital Bank and FIA Card Services.

Now, Plaintiff seeks its attorneys' fees incurred in this suit. Docket no. 86. Lewis responded, arguing that she and Smith are not personally liable for attorneys' fees and any fee award must be recovered against the encumbered property at the foreclosure sale. Docket no. 87.

## DISCUSSION

### 1. Legal Standard

*(a) <u>Entitlement to attorneys' fees and costs</u>*

Generally, a lender may recover its attorneys' fees and costs in a successful defense of its interests or rights under a note or deed of trust "when such recovery is provided by statute or by contract." *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 741 (S.D. Tex. 2013), aff'd, 583 F. App'x 306 (5th Cir. 2014)) (citing *In re Velazquez*, 660 F.3d 893, 895-96 (5th Cir. 2011)). Home equity loans, however, "must be without recourse for personal liability against" borrowers. Tex. Const. art. XVI, § 50(a)(6). While a lender may not seek to recover its attorneys' fees and costs from defendant borrowers "in their individual capacities," the lender "may nevertheless add the fees and costs to the balance owed under" the note or deed of trust, and

then "recover the entire balance through foreclosure" against the encumbered property. *In re Mullin*, 433 B.R. 1, 18 (Bankr. S.D. Tex. 2010).

*(b) Reasonableness and necessity of attorneys' fees and costs*

An award of attorneys' fees is governed by the same law that determines the substantive issues of the case. See *Mathis v. Exxon Corp.*, 303 F.3d 448, 461 (5th Cir. 2002) ("State law controls both the award of and reasonableness of fees awarded where state law applies the rule of decision."). The award of reasonable attorneys' fees is mandatory under the Texas Civil Practice and Remedies Code § 38.001 if the plaintiff prevails in a breach of contract claim and recovers damages. *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603, 613 (5th Cir. 2000) (citing *Green Int'l Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997)). To recover attorneys' fees, the plaintiff must prove the fees were necessary for the adjudication of the claim. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818-19 (Tex. 1998). Trial Courts have the discretion to determine the appropriate amount of attorneys' fees. *Kona Tech. Corp.*, 225 F.3d at 614. There is a rebuttable presumption that usual and customary fees are reasonable. TEX. CIV. PRAC. & REM. CODE § 38.003. The judge hearing a motion for attorneys' fees may take judicial notice of reasonable and customary fees, along with the case file. *Id.* at § 38.004.

Reasonableness is often determined using a two-step "lodestar" method. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757 (citing *Dillard Dep't Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 412 (Tex. App.—El Paso 2002, pet. denied)). Reasonable hours billed by counsel are multiplied by a reasonable rate for such work, "the product of which is the base fee or lodestar." *Id.* (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995)). Once the lodestar

amount has been determined, the court may then adjust the award based on the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) *Saizen v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). The *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required; (4) the effect on other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the attorney's relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717-19.

2. **Application**

*(a) Entitlement to attorneys' fees and costs*

Under Texas law, Plaintiff may recover its attorneys' fees and costs accrued in defending its rights as a lienholder, as long as such recovery does not violate the Texas Constitution by holding the individual Defendants liable. *See In re Mullin*, 433 B.R. at 18. "Home equity notes are non-recourse as a matter of Texas law, but that rule does not bar recovery of attorneys' fees and other expenses, as provided for in [the] security instrument, as part of the balance owed under the note. These fees may be recovered against the property upon any foreclosure sale." *Huston*, 988 F. Supp. 2d at 742.

The Security Instrument and the Home Equity Note both affirm Plaintiff's right to collect attorneys' fees, within constitutional limits. Section 9 of the Security Instrument contractually authorizes the recovery of attorneys' fees:

> If Borrower fails to perform the covenants and agreements . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property . . . [including], but not limited to: . . . paying reasonable attorneys' fees to protect its

interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding.

Docket no. 86-2.

The Security Instrument further states: "No powers are granted by Borrower to Lender . . . that would violate provisions of the Texas Constitution applicable to Extensions of Credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution[.]" *Id*. Section 6(e) of the Home Equity Note states: "If the Note Holder [Plaintiff] has required me [Defendants Lewis and Smith] to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law, including Section 50(a)(6), Article XVI of the Texas Constitution. Those expenses include, for example, reasonable attorneys' fees." Docket no. 86-1. Finally, the Home Equity Note states that "absent . . . actual fraud, the Note Holder can enforce its rights under this Note solely against the property described above and not personally against any owner of such property or the spouse of such owner." *Id.*

In its Motion, Plaintiff seeks the recovery of attorney's fees and costs to be "paid jointly and severally" by Defendants Lewis and Smith. In a supplemental filing requested by the Court, Plaintiff clarified that it seeks attorneys' fees against Lewis and Smith personally, and in the alternative seeks these fees as a further obligation under the Note. Here, the Court finds that any fee award must be assessed against the property, not against the defendants individually.

### *(b) Reasonableness of attorneys' fees and costs*

The Court evaluated Plaintiff's claims under Texas state law; therefore, Texas state law governs the award of attorneys' fees. Plaintiff prevailed on its foreclosure action against Defendants Lewis (Docket no. 76) and Smith (Docket no. 85). Plaintiff requests attorneys' fees

in the amount of $23,320.50. Docket no. 86. This amount is presented as the product of reasonable rates multiplied by reasonable hours, and Plaintiff's motion contains a detailed time sheet as an exhibit, which the Court has reviewed. Docket no. 86-3. Plaintiff asserts that all work performed by the attorneys and staff was "reasonable and necessary." Defendant Smith challenges the reasonableness of fees charged for work completed by Nicholas S. Campbell, an employee of the counsel's firm retained by plaintiffs.

The Court finds the fees to be reasonable, with minor exceptions as detailed below. Counsel billed 122.75 hours of legal work over the course of 21 months. This time included the preparation of affidavits, briefs, exhibits, motions, and other documents submitted to the Court over the course of litigation and participation in conferences with opposing counsel. Plaintiff's counsel has declared that the rates are "reasonable and consistent with rates charged by comparable firms in Texas." Docket no. 86 at 6. Furthermore, the work performed by the non-attorneys was performed at reasonable rates and on legal tasks, such as drafting a Motion for Default Judgment and a Response to a Motion to Compel, that were not clerical in nature. Docket no. 86-3.

The Court finds that the fee rates charged are customary. According to a 2015 State Bar of Texas survey of fee rates for legal services, the median hourly rate for commercial litigation in the San Antonio metropolitan area is $263.[1] Attorneys with up to 2 years of experience in the San Antonio metropolitan area reported average hourly rates of $200. Attorneys with 7 to 10 years of experience in the San Antonio metropolitan area reported average hourly rates of $250.

---

[1] *See* State Bar of Tex. Dep't of Research and Analysis, 2015 Hourly Fact Sheet (2015), https://www.texasbar.com/AM/Template.cfm?Section=Archives&Template=/CM/ContentDisplay.cfm&ContentID=34182.

Attorneys with 16 to 20 years of experience in the San Antonio metropolitan area reported average hourly rates of $284. The hourly rates charged by Plaintiff's counsel range from $215 to $265, along with a $110 hourly paralegal/non-attorney fee.

Defendant Lewis noted that there were unidentified individuals listed in the invoices provided by Plaintiff. Of the eight individuals listed in the invoices provided by Defendant to the Court, four are attorneys in the State of Texas: Branch M. Sheppard (Bar #24033057) with 17 years of experience in Texas; Brian Hillendahl (Bar #24014161) with over 16 years of experience in the State of Texas before becoming inactive; Berenice Medellín (Bar #24088746) with 2 years of experience in the State of Texas; and Shannon Snider Walla (Bar #24081157) with 7 years of experience in the State of Texas. All of the named attorneys practice civil litigation and have particular experience in creditor's rights. Attorneys Sheppard, Hillendahl, and Walla charged rates below the local average based upon their respective years of experience. Attorney Medellín charged an hourly rate of $250, which exceeds the $200 median rate for San Antonio attorneys with up to 2 years of experience. Accordingly, the Court recalculates Medellín's 3.1 worked hours using the $200 per hour rate.

The other four individuals (Nicholas S. Campbell, Vincent Sanchez, Debra Barnhart, and Shari Graham) are paralegals billing at a rate of $110 per hour. Defendant Lewis notes that Campbell charged an unusually high rate one month ($225 per hour in September 2017) despite not being an attorney licensed to practice in the State of Texas. This appears to be a mistake, as Campbell typically charged $110 per hour. Accordingly, Mr. Campbell's rates for September 25, 2017 have been recalculated using the $110 per hour typically charged. The lodestar, based

on the hours worked multiplied by the varied reasonable rates charged by attorneys and staff, is $22,531.50.

Upon consideration of the *Johnson* factors, the Court finds that the resulting lodestar is reasonable and without need for deviation. There were no novel legal questions presented in this matter. The rates appear to be consistent with local market rates and with the experience brought by the attorneys. The result obtained was favorable.

**CONCLUSION**

Accordingly, the Court GRANTS IN PART Plaintiff's Motion for Attorneys' Fees and Costs. Docket no. 86. In foreclosing its lien, Plaintiff is entitled to apply the proceeds from the sale of the property against not only principal and accrued, unpaid interest, but also against the attorneys' fees and costs, in the sum of $22,531.50. Plaintiff may not seek to recover any deficiency from Defendants in their individual capacities.

It is so ORDERED.

SIGNED this the 19th day of February, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE